1

2

3                                                          O

4                                              NO JS-6

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  KURT BRUNNER,                ) Case No. SACV 14-00977 DDP (RNBx)
                                 )
12            Plaintiff,         ) **ORDER DENYING DEFENDANT'S MOTION**
                                 ) **TO DISMISS**
13       v.                      )
                                 )
14  CUSA PCSTC, LLC, DBA PACIFIC )
    COAST SIGHTSEEING TOURS &    ) [Dkt. No. 11]
15  CHARTERS,                    )
                                 )
16            Defendants.        )
    _____ )

17

18       Presently before the Court is Defendant CUSA PCSTC, LLC's

19  Motion to Dismiss Plaintiff Kurt Brunner's Complaint. Having

20  considered the submissions of the parties, the court denies the

21  motion and adopts the following order.

22  **I. Background**

23       On October 14, 2010, Kurt Brunner ("Plaintiff") was a

24  passenger in an airport shuttle when a bus owned by Defendant CUSA

25  PCSTC, LLC ("Defendant") collided with the airport shuttle.

26  (Compl. ¶¶ 4-6.)  Plaintiff alleges he suffered serious emotional

27  and bodily injuries due to the collision.  (Id. ¶ 7.)

28  ///

1       On July 20, 2011, Plaintiff's attorneys sent a letter of

2  representation to Sedgwick Claims Management Services, Inc.

3  ("Sedgwick"), the third party administrator of Defendant's

4  automobile liability policy, placing Defendant and Sedgwick on

5  notice of Plaintiff's injuries from the collision. (Id. ¶¶ 8-9.)

6  On January 3, 2012, Defendant filed for Chapter 11 bankruptcy in

7  the United States Bankruptcy Court, District of Delaware as Case

8  No. 12-10062 ("Bankruptcy Case"). (Id. ¶ 10.) On March 29, 2012,

9  Plaintiff filed a Proof of Claim in the Bankruptcy Case. (Id. ¶

10  11.)

11       On January 3, 2013, Plaintiff's counsel received

12  correspondence from Sedgwick that Plaintiff's claim had been

13  reassigned to claims examiner, Darla Nehaz. (Id. ¶ 13.) Nehaz

14  stated that Plaintiff's claims were currently stayed because of the

15  bankruptcy filing, thus she could not advance the filing of

16  Plaintiff's claim, but requested that Plaintiff submit a "demand

17  package" as she was working on the documentation for the claim.

18  (Id. ¶ 13.) On February 18, 2013, Plaintiff submitted the

19  requested "demand package" and asked to be notified immediately

20  upon direction from the bankruptcy court to proceed with claims

21  administration and if/when the stay was lifted. (Id. ¶ 14.)

22       On May 31, 2013, the bankruptcy court issued an order (1)

23  approving trust agreements, (2) authorizing the transfer of

24  remaining assets to the lender trustee, (3) dismissing debtor's

25  Chapter 11 cases and (4) granting related relief. (Mot., Ex. A.)

26  On June 10, 2013, the Bankruptcy Case was closed. (Id.) Plaintiff

27  alleges he never received notice that the bankruptcy case was

28

dismissed from the bankruptcy court or Defendant.  (Compl. ¶¶ 23, 26.)

On September 21, 2013, however, Plaintiff received a notice from the appointed trustee in the Bankruptcy Case that stated the United States Bankruptcy Court entered an order on May 31, 2013, establishing a "trust" to liquidate and distribute assets to beneficiaries, including Plaintiff. (Id. ¶ 15.)  The notice also requested that Plaintiff fill out and return the enclosed W-9 form. (Id.)  Plaintiff completed the W-9 form and submitted it to the trustee as requested.  (Id.)  Thereafter, Plaintiff attempted to contact Nehaz for an update on the status of his claims, but was unable to reach her.  (Id. at ¶ 16.)

On December 3, 2013, Sedgwick reassigned Plaintiff's claim to a new claims adjuster, Douglas Johnson. (Id. ¶ 16.)  On April 7, 2014, Johnson sent Plaintiff a correspondence stating that the statute of limitations had expired.  (Id. ¶ 22.)  Plaintiff received this correspondence on May 12, 2014.  (Id.)

On June 25, 2014, Plaintiff filed the instant suit seeking damages for injuries sustained in the traffic collision.  (Id.) Defendant now moves to dismiss the Complaint on the grounds that it is barred by the statute of limitations.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe

3

1   those facts in the light most favorable to the plaintiff." <u>Resnick</u>
2   <u>v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  When a 12(b)(6)
3   motion is brought upon statute of limitations grounds, "a complaint
4   cannot be dismissed unless it appears beyond doubt that the
5   plaintiff can prove no set of facts that would establish the
6   timeliness of the claim." <u>Supermail Cargo, Inc. v. United States</u>,
7   68 F.3d 1204, 1207 (9th Cir. 1995).  Generally, courts can only
8   consider allegations contained in the pleadings, exhibits attached
9   to the complaint, and matters properly subject to judicial notice
10  when ruling on a motion to dismiss. <u>Outdoor Media Grp., Inc. v.</u>
11  <u>City of Beaumont</u>, 506 F.3d 895, 899 (9th Cir. 2007).

**III. Discussion**

13       Defendant argues that Plaintiff's claim is barred by the
14  statute of limitations.  In California, the statute of limitations
15  for Plaintiff's claim is two years.  Cal. Code Civ. Proc. § 335.1.
16  At the time Defendant filed for bankruptcy on January 3, 2013, both
17  parties agree that Plaintiff had 285 days remaining to file suit,
18  or until October 14, 2013, to file the instant claim.  (Mot. at 4;
19  Opp. at 3.)

20       When a debtor files a petition for bankruptcy, an automatic
21  stay comes into effect, preventing "the commencement or
22  continuation . . . of a judicial, administrative, or other action
23  or proceeding against the debtor . . . to recover a claim against
24  the debtor that arose before the commencement of" the bankruptcy
25  case. 11 U.S.C. § 362(a)(1).  The automatic stay continues until
26  the bankruptcy case is either closed or dismissed, or until a
27  discharge is granted or denied, whichever comes first.  11 U.S.C. §
28  362(c).  Section 362(a) does not, however, toll the running of

1  statutes of limitations.  See Husmann v. TWA, 169 F.3d 1151, 1154
2  (8th Cir. 1999)("The Bankruptcy Code does not provide that a
3  statute of limitations is tolled during the period of bankruptcy.")
4      The bankruptcy court dismissed the case on May 31, 2014.[1]
5  (Defendant's Request for Judicial Notice.)  By that time, the two-
6  year statute of limitations had expired.  Plaintiff counters that
7  the Complaint here is nevertheless timely because he is entitled to
8  an extension of time pursuant to 11 U.S.C. § 108(c).[2]
9      Though Section 362 does not toll statutes of limitations,
10 Section 108(c) extends the filing period for claims that otherwise
11 might be subject to such time bars.  Section 108(c) states that
12 such period does not expire until the later of the statute of
13 limitations period or "30 days after notice of the termination or
14 expiration of the stay under section 362 . . . with respect to such
15 claim [against the debtor.]" 11 U.S.C. § 108(c).  The purpose of
16 section 108(c) is to extend "applicable time deadlines . . . for 30
17 days after notice of the termination of a bankruptcy stay, if such
18 deadline would have fallen on an earlier date." Aslanidis v. U.S.
19 Lines, Inc., 7 F.3d 1067, 1073 (2nd Cir. 1993).  "There is no
20 language in either in the Automatic Stay provision or the Extension
21 of Time provision of the Bankruptcy Code that suspends a statute of
22 limitations from running . . . The extension of time provision
23 merely provides an extra 30 days to file a claim if the claims'

24
25 [1] In his complaint, Plaintiff alleged on information and belief that the bankruptcy case was dismissed on December 3, 2013.
26
27 [2] Plaintiff somewhat imprecisely argues that the statute of limitations has not expired.  (Opp. at 1.)  As discussed herein, the questions whether the statute of limitations expired and
28 whether Plaintiff's Complaint was timely filed under 11 U.S.C. § 108(c)are distinct.

1  limitation period expired before the automatic stay was lifted."

2  Grotting v. Hudson Shipbuilders, Inc., 85 B.R. 568, 569 (W.D. Wash.

3  1988).

4      Plaintiff argues that under Section 108(c), the Complaint is

5  timely because Plaintiff has yet to receive notice from either the

6  bankruptcy court or Defendant that the automatic stay has been

7  lifted.  (Opp. at 2.)  At least one California court has found a

8  complaint timely filed under similar circumstances.  In Shumacher

9  v. Worcester 55 Cal. App. 4th 376 (1997), the plaintiff filed suit

10  to foreclose on a street improvement bond after the four year

11  statute of limitations had expired.  Finding the suit timely filed,

12  the court noted that the plaintiff's claim was timely under Section

13  108(c) because the statute of limitations was extended until 30

14  days after plaintiff received notice of the termination of the

15  bankruptcy stay.  Shumacher, 55 Cal. App. 4th at 380 ("Not having

16  been given notice of the termination of the bankruptcy stay, the

17  30-day period for [plaintiff] to file his complaint did not expire

18  and the complaint was timely filed.").[3]

19

20  _____

21      [3] Though not raised by Defendant, at least one other court has
    refused to apply Section 108(c).  In Inco Development Corp. v.

22  Superior Court, 131 Cal. App. 4th 1014 (2005), plaintiffs brought a
    suit for latent defects after the ten-year statute of limitations

23  had lapsed and years after the bankruptcy case was dismissed.
    Unlike the situation in Shumacher, however, and unlike the facts

24  alleged here, the Inco plaintiffs had never given any notice of a
    possible claim against the bankrupt party.  Inco, 131 Cal. App. 4th

25  at 1024.  Under those circumstances, the court stated that "[t]o
    hold in effect that the suspension of the limitations period

26  continued as to those plaintiffs, merely because they were not
    given notice of termination [pursuant to 11 U.S.C. § 108(c)] would

27  be a result serving no rational purpose" and could lead to "absurd
    results" where plaintiffs could bring "unknown and unforeseeable"

28  claims years after a bankruptcy proceeding concluded.  Id.

1    In reply, Defendant asserts that Plaintiff has not alleged

2  facts sufficient to establish that Section 108(c) applies.  (Reply

3  at 2.)  The court disagrees.  The allegation that Plaintiff has

4  never received notice that the bankruptcy case has been dismissed,

5  or the stay lifted, is sufficient.  (Complaint ¶ 23.)

6  **IV. Conclusion**

7    For the reasons stated above, Defendant's Motion to Dismiss is

8  DENIED.

11 IT IS SO ORDERED.

14 Dated: February 10, 2015

15                              DEAN D. PREGERSON

16                              United States District Judge

7